# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 6, 2012

No. 11-50993
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTONIO RODRIGUEZ-ORTIZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:10-CR-1708-1

Before BENAVIDES, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Antonio Rodriguez-Ortiz pleaded guilty without the benefit of a plea agreement to illegal reentry after having been deported. The district court sentenced him to a 54-month prison term, which was within the advisory guidelines range, to be followed by three years of supervised release. Rodriguez-Ortiz appeals his prison sentence, arguing that it is substantively unreasonable and greater than necessary to achieve the purposes of sentencing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50993

Because Rodriguez-Ortiz did not object to his sentence in the district court, we review for plain error only. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). To succeed under this standard, Rodriguez-Ortiz must show an error that is clear or obvious and that affects his substantial rights, but even so, we generally will exercise discretion to correct the error only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *See Puckett v. United States*, 556 U.S. 129, 135 (2009) (internal quotation marks and citation omitted). We presume that Rodriguez-Ortiz's within-guidelines sentence is reasonable. *See Ruiz*, 621 F.3d at 398.

Rodriguez-Ortiz first complains that the under the Guidelines, his conviction for alien smuggling was double counted because it increased both his offense level and his criminal history score and argues that his sentence within the resulting guidelines range was unreasonable. As Rodriguez-Ortiz concedes however, we have rejected the argument that this sort of "double counting" renders a within-guidelines sentence unreasonable. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).

Observing that the alien smuggling conviction was 11 years old, Rodriguez-Ortiz argues that it was unreasonable to impose a within-guidelines sentence when the guidelines range included a 16-level enhancement for such an old conviction. We have also rejected this argument, determining that "the staleness of a prior conviction used in the proper calculation of a guidelines-range sentence does not render a sentence substantively unreasonable and does not destroy the presumption of reasonableness that attaches to such sentences." *United States v. Rodriguez*, 660 F.3d 231, 234 (5th Cir. 2011).

Finally, Rodriguez-Ortiz contends that his crime was merely "tantamount to an international trespass" and thus did not warrant such a harsh sentence. However, we have upheld a within-guidelines sentence as reasonable despite the

defendant's argument that illegal reentry is a mere trespass offense. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

The district court heard and understood Rodriguez-Ortiz's arguments for a lower sentence and carefully explained its reasons for the sentence it chose, explicitly rejecting both a downward variance and a sentence at the top of the guidelines range.  Rodriguez-Ortiz has not rebutted the presumption that the within-guideline sentence that the court selected was reasonable.

AFFIRMED.